UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4557 FMO (JPRx) | Date | July 6, 2020 |
|---|---|---|---|
| Title | Keya Morgan v. Avatar Press, Inc., et al. | | |

Present: The Honorable      Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**      **(In Chambers) Order to Show Cause Re: Dismissal For Lack of Personal Jurisdiction and/or Improper Venue**

On May 20, 2020, plaintiff Keya Morgan ("plaintiff") filed a Complaint against Avatar Press, Inc. ("Avatar") and Rich Johnston ("Johnston") (collectively, "defendants"). (See Dkt. 1, "Complaint"). Plaintiff is a resident of California. (See id. at ¶ 5). Plaintiff alleges that Avatar is a corporation "organized and existing under the laws of the State of Illinois[,]" (id. at ¶ 6), and Johnston is "an individual residing in London, England." (Id. at ¶ 7). Plaintiff also alleges that venue in this District is proper because "this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred." (Id. at ¶ 4).

Having reviewed the Complaint, the court questions whether personal jurisdiction exists in this case. A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 126-27, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendant's contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. For a defendant who is not subject to general personal jurisdiction in any particular state, the court considers "the aggregate contacts of a defendant with the United States as a whole instead of a particular state[.]" Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1158 (9th Cir. 2006). The court's analysis of the "purposeful direction" prong considers whether defendant "(1) committed an intentional act, (2) expressly aimed at the [United States], (3) causing harm that the defendant knows is likely to be suffered in the forum state." Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1069 (9th Cir. 2017). Moreover, the law of the circuit is that while "a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4557 FMO (JPRx) | Date | July 6, 2020 |
|---|---|---|---|
| Title | Keya Morgan v. Avatar Press, Inc., et al. | | |

jurisdiction, absent compliance with what Walden requires" and that "mere satisfaction of the test outlined in Washington Shoe, without more, is insufficient to comply with due process." Id. at 1070 (referring to Walden v. Fiore, 571 U.S. 277, 134 S.Ct. 1115 (2014) and Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668 (9th Cir. 2012)).

"[F]or claims of copyright infringement[,] venue is proper in the district in which the defendant or his agent resides or may be found. The Ninth Circuit interprets [28 U.S.C. § 1400] to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F.Supp.3d 945, 959 (N.D. Cal. 2015) (internal citation and quotation marks omitted).

Plaintiff cites to Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482 (1984) to support his allegation that the "Court has personal jurisdiction over Defendants where Defendant Avatar Press owns and Defendant Rich Johnston founded and writes for Bleeding Cool, a Hollywood-based internet news site that publishes stories expressly directed towards Hollywood, California." (Dkt. 1, Complaint at ¶ 3). In Calder, the U.S. Supreme Court found that a California state court had personal jurisdiction over a Florida reporter who allegedly wrote a libelous article where: (1) "[t]he allegedly libelous story concerned the California activities of a California resident[;]" (2) the story "impugned the professionalism of an entertainer whose television career was centered in California[;]" (3) the "article was drawn from California sources[;]" and (4) the "brunt of the harm was suffered in California." 465 U.S. at 788-89; 104 S.Ct. at 1486. Here, unlike in Calder, it is unclear whether defendants' alleged actions were "expressly aimed" at California, i.e., whether defendants, without permission, published photographs that they knew were copyrighted by a California resident. Cf. id. at 789, 104 S.Ct. at 1487 ("[P]etitioners are not charged with mere untargeted negligence. Rather, their intentional, and allegedly tortious, actions were expressly aimed at California."). Plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this District. (See, generally, Dkt. 1, Complaint). Thus, the Complaint does not allege sufficient facts demonstrating that the court has personal jurisdiction over defendants nor that this judicial district is the proper venue within the meaning of 28 U.S.C. § 1400. (See id.).

Based on the foregoing, IT IS ORDERED that no later than **July 13, 2020**, plaintiff shall file a First Amended Complaint setting forth allegations establishing that personal jurisdiction and venue are proper in this judicial district. Plaintiff is reminded that the First Amended Complaint must comply with the requirements of Fed. R. Civ. P. 8. Failure to file a First Amended Complaint by the deadline set forth above, shall be deemed consent to the dismissal of the action for lack of personal jurisdiction, improper venue, and/or failure to comply with the orders of the court. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |